# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TERRENCE JAMES BAUER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-cv-00027-MTS |
| ) | |
| MAJOR PHILLIP A. ANDERSON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Terrence James Bauer for leave to commence this civil action without prepayment of the required filing fee. Doc. [2]. Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $59.59. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his motion for leave to proceed in forma pauperis, plaintiff has submitted a copy of his inmate account statement. Doc. [6]. The account statement shows an average monthly deposit of $297.95. The Court will therefore assess an initial partial filing fee of $59.59, which is 20 percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To avoid dismissal, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should

construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Potosi Correctional Center in Mineral Point, Missouri. He brings this civil action pursuant to 42 U.S.C. § 1983, naming Major Phillip A. Anderson as defendant. Doc. [1] at 2. Major Anderson is sued in his official capacity only. The complaint contains allegations regarding a conduct violation that plaintiff received, which resulted in his placement in administrative segregation, and his unsuccessful completion of treatment.

In the "Statement of Claim," plaintiff asserts that on January 14, 2021, he received a conduct violation for breaking Rule 11.5, being under the influence of a controlled substance. *Id*. at 3. On January 19, 2021, Case Manager Hall allegedly "tabled the violation pending review of the video footage where the incident occurred." Based on this review, plaintiff states that Case Manager Hall dismissed and expunged the violation, on the basis that the video evidence did not support it. Following the dismissal, plaintiff asserts that he was immediately released from administrative segregation and taken back to his housing unit.

Thirty minutes after his release from administrative segregation, plaintiff states that he was called to the front office and told that his "beating" the violation was not "going to fly." According to him, the "higher ups" were called, and they "said to take [him] back to administrative segregation."

On January 26, 2021, plaintiff was advised that the dismissal of his violation had been overturned on January 22, 2021. On January 28, 2021, he received a corrective action report with new modifications, which stated that findings of his guilt were "based on evidence in [the] written conduct violation [of the] visual observation of a correctional professional." Plaintiff asserts that Major Anderson was the "correctional professional" who saw him under the influence of drugs, and contends that Anderson "is not a medical professional" and does not have "proper training or medical" certification. He further contends that he was not taken to have his vital signs checked or given a urinalysis. Doc. [1] at 3-4. Due to this violation, plaintiff received an unsuccessful completion of treatment. Doc. [1] at 4. He disagrees with his termination, and insists that "the video footage contradicts what [Major Anderson] stated on state documentation."

Attached to the complaint is an informal resolution request (IRR) and an offender grievance. *Id*. The Court has reviewed these exhibits and will treat them as part of the pleadings.[1] In his IRR, plaintiff essentially presents the same allegations as in his "Statement of Claim." He asserts that on January 14, 2021, he received a conduct violation for being under the influence of a controlled substance, a violation that was later tabled by Case Manager Hall pending video review. Doc. [1-5] at 1. Case Manager Hall eventually dismissed and expunged the violation for

---

[1] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). *See also Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (stating that "while ordinarily, only the facts alleged in the complaint are considered in determining whether it states a claim, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint"); and *Pratt v. Corrections Corp. of America*, 124 Fed. Appx. 465, 466 (8th Cir. 2005) (explaining that "the district court was required to consider the allegations not only in [plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings").

lack of evidence. *Id*. at 1-2. Thirty minutes after being released from administrative segregation, however, plaintiff was called back to the front office, and then returned to segregation. *Id*. at 2. Ultimately, he learned that the dismissal had been overturned, based on Major Anderson's visual observations of plaintiff. Plaintiff points out that Major Anderson "is not a medical professional" and does not have "proper training in [the] medical field." He also contends that Major Anderson's observations were not supported by video footage, that he was not given a proper medical examination, and that he did not receive "a U.A."

In his offender grievance, plaintiff once again asserts that he was given a conduct violation, that it was dismissed, and that the dismissal was overturned. *Id*. at 3. He does add that Major Anderson's visual observation consisted of plaintiff being glassy-eyed, slurring his speech, swaying, and almost falling out of his chair. *Id*. at 4. As before, plaintiff complains that Major Anderson is not a medical professional and lacks proper medical training. He also asserts that Corizon is in charge of medical issues, and that Major Anderson is in charge of safety and security, which he insists "has nothing to do with medical." Plaintiff accuses Major Anderson of blatantly lying and abusing his power. He also notes that he was told his dismissal was overturned based on his history, and acknowledges that he has "had a bad history with Rule 11.5."

Based on these allegations, plaintiff asserts that he has sustained pain, anguish, mental distress, and a prolonged sentence. Doc. [1] at 4. He seeks between $400 and $600 per day in damages for his "prolonged sentence," since he "was wrongfully terminated from drug treatment." *Id*. at 5.

After filing his complaint, plaintiff submitted four additional exhibits, which the Court has reviewed. The exhibits consist of an IRR response, a recommended warden's response, an offender grievance appeal, and a grievance appeal response.

5

In the IRR response, plaintiff is advised that his conduct violation reported that he was observed to have glassy eyes and slurred speech, and that he was swaying and unable to sit upright. Doc. [5] at 4. The IRR response also asserts that plaintiff received a due process hearing, that he was found guilty at the hearing, and that the assistant warden approved the finding.

In the warden's recommended response, plaintiff is again advised about the observations made by Major Anderson, reporting that he appeared to be in "an intoxicated state." *Id*. at 5. The response also notes that plaintiff has failed to present any evidence to contradict these findings.

In his offender grievance appeal, plaintiff re-alleges that Major Anderson's observations were not corroborated by the camera footage, and that "he has been proven to be a liar." *Id*. at 3.

Finally, in the grievance appeal response, plaintiff is told that he has not provided any evidence to support his claim of innocence, and advised that his appeal is denied. *Id*. at 1.

**Discussion**

Plaintiff is a self-represented litigant who has filed a civil action pursuant to 42 U.S.C. § 1983, alleging that Major Anderson made a false report that resulted in him being found guilty of a conduct violation. Because he is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss this action without prejudice.

   A. **Official Capacity Claim**

Plaintiff has sued Major Anderson in an official capacity only. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*,

172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

In this case, plaintiff asserts that Major Anderson is employed by the Farmington Correctional Center, a prison within the Missouri Department of Corrections. As such, the official capacity claim against him is treated as being made against the State of Missouri itself, his employer.

### B. Claim for Monetary Damages

Plaintiff is only seeking monetary damages in this case. As discussed below, his claim fails for two reasons.

First, 42 U.S.C. § 1983 "provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (explaining that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (explaining that "a state is not a person for purposes of a claim for money damages under §

7

1983"). Because the state is not a person, plaintiff is missing an essential element of a § 1983 claim. Therefore, plaintiff's official capacity claim against Major Anderson must be dismissed.

Second, plaintiff's claim for monetary damages against a state employee is barred by sovereign immunity. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer sovereign immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). This immunity extends to claims for damages against state employees sued in their official capacities. *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment").

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id*. The second exception is when a state waives its immunity to suit in federal court. *Id*. at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception is applicable in this case.

The first exception is inapplicable because the Supreme Court has determined that 42 U.S.C. § 1983 – under which this case arises – does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second exception also does not apply, because the State of Missouri has not waived its immunity in this type of case. *See* RSMo § 537.600 (explaining that sovereign immunity is "in effect," and providing exceptions relating to the "negligent acts or omissions by public employees arising out of the operation of motor vehicles…within the course of their employment," and regarding "[i]njuries caused by the condition of a public entity's property").

Because plaintiff is suing a state employee in his official capacity for money damages, the claim is barred by the Eleventh Amendment. Furthermore, no exception to sovereign immunity is present here. Therefore, for this reason as well, plaintiff's official capacity claim against Major Anderson must be dismissed.

### C. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. Doc. [3]. The motion will be denied as moot as this case is being dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $59.59 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel, Doc. [3], is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this order of dismissal would not be taken in good faith.

Dated this 14th day of June, 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

10